FILMVIDEO RELEASING
CORPORATION,
Plaintiff,

v.

David R. HASTINGS, II, as Administrator With Will Annexed of the Estate of Clarence E. Mulford, Defendant,

and

David R. Hastings, II, and Peter G. Hastings, as Trustees of the Inter Vivos Trust and of the Testamentary Trust

Created by Clarence E. Mulford, Intervenors.

No. 75 Civ. 2248 (HFW).

United States District Court,
S. D. New York.

Jan. 21, 1981.
As Amended Feb. 2, 1981.

See also, D.C., 426 F.Supp. 690, D.C., 446 F.Supp. 725.

Howard Gotbetter, New York City, for plaintiff.

Burns, Jackson, Miller, Summit & Jacoby, New York City, for defendant; Engel & Engel, Donald S. Engel, Beverly Hills, Cal., of counsel.

OPINION

WERKER, District Judge.

Plaintiff commenced this action to obtain a declaratory judgment permitting it to license for television exhibition 23 motion pictures concerning the character Hopalong Cassidy (the "Hopalong Cassidy Motion Pictures"). Plaintiff contended that both the Hopalong Cassidy Motion Pictures and 26 books written by Clarence E. Mulford, (the "Hopalong Cassidy Books"), were in the public domain for all purposes. The defendant and Intervenors whose predecessor in interest is Clarence E. Mulford, counterclaimed against plaintiff seeking injunctive relief and damages for copyright infringement on the ground that the motion pictures were based upon the books.

It was agreed by the parties that trial of the substantive issues would be bifurcated with a trial on the issue of damages to follow trial of the substantive questions if necessary.

At the first trial which dealt with two of the three substantive issues it was decided:

(1) That Clarence E. Mulford had validly and effectively reserved to himself all television rights in the Hopalong Cassidy Books and retained all television rights in the Hopalong Cassidy Motion pictures.

(2) That the United States renewal copyrights in the Hopalong Cassidy Books were duly and properly secured and defendants and Intervenors are the proprietors of the presently valid and subsisting United States renewal copyrights in the Hopalong Cassidy Books.

446 F.Supp. 725 (S.D.N.Y.1978).[1] This judgment of the Court was affirmed on appeal by the Second Circuit.[2]

The complaint is now dismissed. This decision results from the trial of the counterclaim asserted by defendant and Intervenors that the Hopalong Cassidy Motion Pictures constitute infringements of the copyrights in the Hopalong Cassidy Books. The prior judgment and this decision will, by stipulation contained in the pretrial order, dispose of a companion case, *Filmvideo Releasing Corp. v. William Boyd Enterprises*, 75 Civ. 2394 (HFW).

The counterclaim was tried as a bench trial on December 10, 11 and 12, 1979. Since that time I have been engaged in reading portions of depositions and the 26 novels (8363 pages) and viewing the 23 motion pictures (almost 27 hours of viewing). (*See* appendix A annexed hereto which is defendants' exhibit ZZ with time and pages added). The following are my findings of fact and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.

### FACTS

From 1907 to 1935 Clarence E. Mulford wrote a series of novels and short stories based upon characters and events in the cattle ranch country of the old west. These novels and short stories were published in 26 original books (the Hopalong Cassidy Books).

On February 27, 1935, Mulford granted the right to make a series of motion pictures taken from or based upon the Hopalong Cassidy Books to Prudential Studios Corporation. The pictures produced pursuant to this grant of rights between 1935 and 1939 became the Hopalong Cassidy Motion Pictures which are the subject of this action.

By agreement dated June 3, 1937 between Mulford and Este Productions Inc. (Este), Mulford granted to Este certain rights as contained in that document. The agreement dated February 27, 1935 between Mulford and Prudential later was supplemented by letter agreement dated July 13, 1938 between Doubleday Doran & Company Inc. and Este Productions, Inc.

The copyrights in the Hopalong Cassidy Motion Pictures were not renewed and have expired. The pictures are now in the public domain. Renewal copyrights to the Hopalong Cassidy Books, on the other hand, were duly and properly secured. They currently are valid and subsisting. The defendant and Intervenors are the proprietors of these renewal copyrights.

Defendant, Intervenors and their licensee, William Boyd Enterprises ("Boyd Enterprises") have used and exploited these copyrights and their other exclusive rights in the books to create, promote, sell, license and distribute on an exclusive basis for some thirty years the television exhibition of the Hopalong Cassidy Motion Pictures and various items and products based thereon. The television exhibition of the Hopalong Cassidy Motion Pictures and the licensing and sale of products and items associated with the copyrighted books and the character Hopalong Cassidy have achieved great prominence throughout the United States and elsewhere and constitute valuable property rights to the defendant, Intervenors and Boyd Enterprises. Since the interests of defendant, the Intervenors and their licensee, Boyd Enterprises, are identical in this lawsuit I hereafter will refer to them as "Boyd" and to plaintiff as "Filmvideo."

Filmvideo has licensed and is attempting to license the Hopalong Cassidy Motion Pictures for distribution and exhibition by means of television. It is in possession of negatives and other physical materials respecting each of the motion pictures. Boyd is attempting to prevent Filmvideo from licensing and securing licensees for the television exhibition of the Hopalong Cassidy Motion Pictures.

1. Further definition of the issues is contained in a decision denying a plaintiff's motion for summary judgment, 426 F.Supp. 690 (1976). Reader familiarity with the prior opinions in this case will be assumed.

2. *Filmvideo v. Hastings*, 594 F.2d 852 (2d Cir. 1978).

The question to be determined here is whether the Hopalong Cassidy Motion Pictures constitute infringements of the copyrights in the Hopalong Cassidy Books.

■ The test of infringement in cases involving the dramatization of a book is: "Whether the part so taken is 'substantial' and therefore not a 'fair use' of the copyright." *Nichols v. Universal Pictures Corp.*, 45 F.2d 119, 121 (2d Cir. 1930). The subsidiary questions that must be considered in determining if a taken part is substantial are whether the alleged infringers had access and whether there was copying.

Obviously, there will be some differenes between a motion picture and the book upon which it is based because of differences in the nature of the medias. In adapting a book to a motion picture it is necessary to breathe life into a limited number of characters by giving them speeches and actions that will convey the same or a similar message within a circumscribed period of time.

With respect to most of the books here involved, this meant compressing over 300 pages into 65 minutes. As a consequence of this process, some of the speeches and actions which may have been attributed to a number of characters in the books were transferred to one or more characters in the pictures. In other instances, roles were completely eliminated with the action of another narrated into the script by one character.

In addition to an analysis of whether there was a substantial similarity of story line, I have tested these motion pictures against the substantial similarity of characterization because that too was licensed by Mulford in 1937. It appears that original story lines were introduced at that time using Mulford's characters.

■ There are at least four areas in which I have no difficulty in finding infringement of a substantial nature in this case. They are:

1. The use of character names and the development of characters in the books and movies.

2. The use of songs throughout the movies and in the books.

3. The extensive use of outdoor descriptions in the books and the use of what can only be called scenic shots in the pictures.

4. The extensive use of the names of places and towns in the movies as well as the books.

The producers of the Hopalong Cassidy Motion Pictures utilized the services of one or more screenwriters to prepare each of the screen plays for the Hopalong Cassidy Motion Pictures. (Exhibits Y and AA; Testimony of witnesses Trop, Stabler, Geraghty and Rachmil). These screenwriters had access to the novels. (Testimony of witnesses Stabler and Geraghty). They were hired by the producers to, and did dramatize and adapt the material contained in the Hopalong Cassidy Books to screenplays which would be appropriate for the making of popular motion pictures. (Exhibits Y, Z, AA, BB and SS; Testimony of witnesses Geraghty, Stabler and Trop).

Some matter was copied by them from the Hopalong Cassidy Books when writing the screenplays used to produce some of the Hopalong Cassidy Motion Pictures and, in all of the pictures, well developed characters from the books were used. (Exhibits Y, Z, AA, BB and SS; Testimony of witnesses Geraghty, Stabler and Trop).

There is no question that the producers of the pictures had access to the 26 novels of the author. An examination of the pictures reveals that there are only two in which no credit is given (17, *Heart of Arizona*; 18, *Bar 20 Justice*). The credits are usually "Clarence E. Mulford's (*name of picture*)" Sometimes including "Adopted from (*name of book*)" or "Based on the story (*title*) by Clarence E. Mulford." or "Based on characters created by Clarence E. Mulford." (See Appendix B annexed hereto compiled by the Court).

The titles of each of the Hopalong Cassidy Motion Pictures are either identical to, strikingly similar to or suggestive of one or more titles of the Hopalong Cassidy Books. (Exhibits X, Y, AA and WW). Furthermore, the titles of most of the Hopalong

Cassidy Motion Pictures in the aggregate are indistinguishable to the ordinary observer from the titles to the Hopalong Cassidy Books. (Exhibits X, Y, AA and WW).

All of the Hopalong Cassidy Motion Pictures take place in the same general setting in the cattle ranch country of the old west and in similar places and locales as those described in the Hopalong Cassidy Books. (Exhibits X, Y, AA and WW; Testimony of witness Geraghty). Each of the Hopalong Cassidy Motion Pictures contain scenes which take place in, and contain dialogue which refers to, numerous places and locations described in the Hopalong Cassidy Books. In most cases, place names and designations identical to or strikingly similar to those used in the Hopalong Cassidy Books are used. (Exhibits X, Y, AA and WW; Testimony of witness Geraghty).

The overall mood, message, general theme and total concept of all of the Hopalong Cassidy Motion Pictures is similar to the overall mood, general theme and total concept of all of the Hopalong Cassidy Books. (Exhibits X, Y, AA and WW; Testimony of witness Geraghty).

There are numerous examples of similarities of incidents, situations, sub-plots, details, points of suspense and interest, subclimaxes and climaxes between each of the Hopalong Cassidy Books and the movies. (Exhibits X, Y, AA and WW; Testimony of witness Geraghty). The Hopalong Cassidy Motion Pictures look and sound like the images conveyed by the words contained in the Hopalong Cassidy Books. (Exhibits X, Y, AA and WW). The Hopalong Cassidy Motion Pictures appear to the ordinary observer to be substantially similar to, and to be taken from, the Hopalong Cassidy Books. (Exhibits X, Y, AA and WW).

The 23 Hopalong Cassidy Motion Pictures which plaintiff has licensed and is attempting to license are the Hopalong Cassidy Motion Pictures created and produced as aforesaid. (Exhibits Y, Z, AA, BB, DD, MM through SS, VV, WW, XX; Testimony of witness Cherry).

The producers of the Hopalong Cassidy Motion Pictures utilized the services of directors, performers and others who contributed their creative efforts to the dramatization of the Hopalong Cassidy Books. (Exhibits Y, Z, AA, BB, DD and SS; Testimony of witnesses Geraghty, Stabler and Trop). As a result of the input of these talents and the necessity of compressing the books into little more than one hour motion pictures it was necessary to transfer identities of characters. As Stabler testified, you couldn't bring them all to life and have them all talking in the time limited. (Tr. p. 59).

Each of the Hopalong Cassidy Motion Pictures utilizes, to a greater or lesser extent, some of the characters that appear in the Hopalong Cassidy Books. (Exhibits X, Y, AA and WW). Some of the Hopalong Cassidy Motion Pictures derive virtually all of their characters from one Hopalong Cassidy Book, others derive virtually all of their characters from more than one of the Hopalong Cassidy Books and others derive their main characters from one or more of the Hopalong Cassidy Books. (Exhibits X, Y, AA and WW).

In most instances, the characters in the Hopalong Cassidy Motion Pictures are designated by the identical names used in the Hopalong Cassidy Books. In some instances, the characters in the Hopalong Cassidy Motion Pictures bear names of other characters in the Hopalong Cassidy Books, and, less often, the characters in the Hopalong Cassidy Motion Pictures bear names different from those used in the books although sometimes in such cases the characterizations are nonetheless taken from the Hopalong Cassidy Books. (Exhibits X, Y, AA and WW).

All of the Hopalong Cassidy Motion Pictures utilize the character "Hopalong Cassidy" which character appears in most of the Hopalong Cassidy Books. (Exhibits X, Y, AA and WW; Testimony of witness Geraghty). The portrayal of the character "Hopalong Cassidy" in the Hopalong Cassidy Motion Pictures is, to the ordinary observer, substantially similar to the character "Hopalong Cassidy" in the Hopalong Cassidy Books and both characters exhibit the same basic traits. (Exhibits X, Y, AA and WW).

The portrayal of other characters taken from the Hopalong Cassidy Books in the Hopalong Cassidy Motion Pictures is strikingly similar to the original characterizations in the Hopalong Cassidy Books, taking into account the differences inherent in the two media, and are indistinguishable to the ordinary observer. (Exhibits X, Y, AA and WW; Testimony of witness Geraghty).

The character development of all characters in each of the Hopalong Cassidy Motion Pictures, and the character development of the major characters who appear throughout the Hopalong Cassidy Motion Pictures, is substantially similar to the character development of the same characters in the individual Hopalong Cassidy Books and in the overall series of Hopalong Cassidy Books. (Exhibits X, Y, ÅA and WW; Testimony of witness Geraghty).

The character of Hopalong Cassidy really was forged in the book *Hopalong Cassidy 1910* and the *Coming of Cassidy 1906.* It was continued and developed through the whole series. Cassidy could best be described as a "diamond in the rough." He was quick tempered and given to cuss words which were restricted to d_____ and h_____l in Mulford's books. Mulford seldom if ever spelled out the cuss words which in today's fiction would be considered everyday speech. The depiction of Cassidy by Boyd as conceptualized by Sherman was simply Cassidy turned inside out. The kind, sentimental, thinking person became exposed to public view through the motion picture media. As a consequence, I cannot find that the Cassidy shown in the motion pictures was that different from the character in the books. The age differential pointed out by Robert Stabler was dependent upon the attractiveness of the character from a visual standpoint rather than what was written in the novel. (Tr. p. 63.).

Only four of the books have pictures of the characters. Three of the four pictures are of Hopalong. Each of these is different. They are contained in: (1) *The Coming of Cassidy 1908*; (2) *Buck Peters Ranchman 1912*; (3) *Bar 20 1906.* The fourth

picture is a portrait of Johnny Nelson in *Johnny Nelson 1920.* The picture submitted by Filmvideo's expert to show the difference between Boyds' Hoppy and Filmvideo's Hoppy is equally different from the other two illustrations contained in the books.

Filmvideo, in its contention that there is not a substantial use of material from the books, points to certain differences in the characterization of Hopalong Cassidy, Lucky Jenkins and Johnny Nelson. As Judge Learned Hand has commented, however, "no plagiarist can excuse the wrong by showing how much of his work he did not pirate." *Sheldon v. Metro-Goldwyn Pictures Corporation*, 81 F.2d 49, 56 (2d Cir. 1936). Furthermore, Filmvideo does not appear to recognize that it makes no difference how far the work was anticipated by works in the public domain which Boyd did not use and it has "filled the record with earlier instances of the same dramatic incidents and devices as though, like a patent, a copyrighted work must be not only original, but new." (*Id.* p. 53).

There is no question that the novels were well written and that they often involved dual functions. Nor is there much question that they are the "Tiffany of that genre for that period." (Stabler Tr. p. 57). None of this comment nor the obvious bias of both the expert for Filmvideo and Boyd has assisted the court in ascertaining whether the motion pictures are substantially similar to the novels.

Based upon my methodology [3] which involved reading the book or books, viewing the picture and reviewing the information furnished by the experts for both litigants I find that insofar as the story line is concerned there is no substantial similarity with respect to books 9, 10, 11, 14, 15, 16, 17, 18, 19, 20, 21, 23 (Defendant's Exhibit ZZ, Appendix A annexed hereto).

I find that as of the June 3, 1937 agreement between Mulford and Este, it in effect was agreed that Mulford's characters

---

**3.** I specifically find that the precis of the novels and motion pictures made by Mr. Nevins are a fair and reasonable representation of what is depicted in both media. I commend them to a reviewing authority as such in the stead of the arduous reading of the 26 books.

Hopalong, Windy (in whatever form), Johnny and Lucky could be used in connection with original material to be created by the screen writers. (See Trop dep. pp. 34, 36). In my opinion, these characters and others were sufficiently delineated, developed and well known to the public to be copyrightable. The use of these characters for the purposes intended by Filmvideo therefore would constitute infringement with respect to the above numbered films irrespective and independent of the similarity of the story line. (*See* the seminal suggestion of Judge Hand in *Nichols v. Universal Pictures Corp.*, 45 F.2d 119 (2d Cir. 1930)); 1 M. Nimmer, *The Law of Copyright* § 2.12 p. 2–167, *et seq.* (1980).

With respect to the remaining films namely 1, 2, 3, 4, 5, 6, 7, 8, 12, 13 and 22, I find that there is a substantial similarity in the storyline and otherwise and that they infringe the books' copyrights. (Defendant's Exhibit ZZ) Appendix A annexed hereto.

I consequently find that the Hopalong Cassidy Motion Pictures constitute infringements of the Hopalong Cassidy Books.

Filmvideo is enjoined from using or licensing any of the 23 motion pictures for viewing in general or on television or home-viewing via cassettes.

A Judgement in favor of Boyd shall be entered upon notice within 10 days from the date of this decision. Said judgment shall contain *inter alia* a reference to a Magistrate to hear and determine damages and attorneys fees and a stay pending appeal.

SO ORDERED.

### DEFENDANT'S EXHIBIT ZZ      APPENDIX A.

| PR # | DATE | TITLE OF MOTION PICTURE | MIN. | CPR DATE | TITLE OF MULFORD BOOK | PAGES | SCREENPLAY WRITERS |
|---|---|---|---|---|---|---|---|
| 1. | 1935 | HOPALONG CASSIDY ENTERS | 56 | 1910 | HOPALONG CASSIDY | 392 | Doris Schroeder–Harrison Jacobs |
| 2. | 1935 | THE EAGLE'S BROOD | 65 | 1931 | HOPALONG CASSIDY and the EAGLE'S BROOD | 320 | Doris Schroeder–Harrison Jacobs |
| 3. | 1935 | BAR 20 RIDES AGAIN | 66 | 1926 | THE BAR 20 RIDES AGAIN | 337 | Doris Schroeder–Gerald Geraghty |
| 4. | 1936 | CALL OF THE PRAIRIE | 65 | 1926 | HOPALONG CASSIDY'S PROTEGE | 320 | Doris Schroeder–Vernon Smith |
| 5. | 1936 | THREE ON THE TRAIL | 65 | 1921 | THE BAR 20 THREE | 317 | Doris Schroeder–Vernon Smith |
| 6. | 1936 | HEART OF THE WEST | 65 | 1932 | MESQUITE JENKINS, TUMBLE-WEED | 317 | Doris Schroeder |
| 7. | 1936 | HOPALONG CASSIDY RETURNS | 56 | 1924 | HOPALONG CASSIDY RETURNS | 310 | Harrison Jacobs |
| 8. | 1936 | TRAIL DUST | 79 | 1934 | TRAIL DUST | 311 | Al Martin |
| 9. | 1937 | BORDERLAND | 84 | 1922 | BRING ME HIS EARS | 350 | Harrison Jacobs |
| 10. | 1937 | HILLS OF OLD WYOMING | 81 | 1933 | THE ROUND UP | 312 | Maurice Geraghty |
| 11. | 1937 | NORTH OF THE RIO GRANDE | 70 | 1925 | COTTONWOOD GULCH | 340 | Jack O'Donnell |
| 12. | 1937 | RUSTLER'S VALLEY | 62 | 1924 | RUSTLER'S VALLEY | 333 | Harry O. Hoyt |
| 13. | 1937 | HOPALONG RIDES AGAIN | 67 | 1923 | BLACK BUTTES | 318 | Norman Houston |
| 14. | 1937 | TEXAS TRAIL | 61 | 1922 | "TEX" | 323 | Jack O'Donnell |
| 15. | 1937 | PARTNERS OF THE PLAINS | 73 | 1918 | THE MAN FROM BAR 20 | 319 | Harrison Jacobs–Gerald Geraghty |
| 16. | 1938 | CASSIDY OF BAR 20 | 61 | 1929 | ME AN' SHORTY | 285 | Norman Houston |
| 17. | 1938 | HEART OF ARIZONA | 71 | 1930 | THE DEPUTY SHERIFF | 296 | Norman Houston |
| 18. | 1938 | BAR 20 JUSTICE | 68 | 1912 | BUCK PETERS, RANCHMAN | 367 | Arnold Belgarde–Harrison Jacobs |
| 19. | 1938 | PRIDE OF THE WEST | 56 | 1920 | JOHNNY NELSON | 354 | Nate Watt |
| 20. | 1938 | IN OLD MEXICO | 63 | 1927 | CORSON OF THE JC | 340 | Harrison Jacobs |
| 21. | 1938 | SUNSET TRAIL | 70 | 1928 | MESQUITE JENKINS | 306 | Norman Houston |
| 22. | 1938 | THE FRONTIERSMEN | 76 | 1907 | BAR 20 | 382 | Norman Houston |
| 23. | 1939 | SILVER ON THE SAGE | 70 | 1935 | ON THE TRAIL OF THE TUMBLING T | 315 | Maurice Geraghty |
| 24. | | | | | THE COMING OF CASSIDY | 438 | |
| 25. | | | | | BAR 20 DAYS | 412 | |
| 26. | | | | | HOPALONG CASSIDY TAKES CARDS | 269 | |

APPENDIX B

FILM CREDITS

1. Clarence E. Mulford's "Hopalong Cassidy Enters."

2. Clarence E. Mulford's "The Eagle's Brood."

3. Clarence E. Mulford's "Bar 20 Rides Again."

4. Clarence E. Mulford's "Call of the Prairie."

5. Clarence E. Mulford's "Three on the Trail," adopted from Clarence E. Mulford's "Bar 20 Three."

6. Clarence E. Mulford's "Heart of the West," adopted from Clarence E. Mulford's "Mesquite Jenkins Tumbleweed."

7. "Hopalong Cassidy Returns" based on the story by Clarence E. Mulford.

8. Clarence E. Mulford's "Trail Dust."

9. Clarence E. Mulford's "Borderland" based on the story "Bring Me His Ears" by Clarence E. Mulford.

10. Clarence E. Mulford's "Hills of Old Wyoming" based on the story "The Round-up" by Clarence E. Mulford.

11. Clarence E. Mulford's "North of the Rio Grande" based on the Mulford Story "Cottonwood Gulch."

12. Clarence E. Mulford's "Rustler's Valley."

13. Clarence E. Mulford's "Hopalong Rides Again" based on Clarence E. Mulford's story "Black Buttes."

14. "Texas Trail" based on Clarence E. Mulford's Story "Tex."

15. Clarence E. Mulford's "Partners of the Plains" based on the Mulford Story "The Man from the Bar 20."

16. Clarence E. Mulford's "Cassidy of the Bar 20" based on the Mulford story "Me An' Shorty."

17. "Heart of Arizona," no credit.

18. "Bar 20 Justice," no credit.

19. Clarence E. Mulford's "Pride of the West" based on characters created by Clarence E. Mulford.

20. Clarence E. Mulford's "In Old Mexico" based on characters created by Clarence E. Mulford.

21. "Sunset Trail" based on characters created by Clarence E. Mulford.

22. "The Frontiersmen" based on characters created by Clarence E. Mulford.

23. "Silver on the Sage" based on characters created by Clarence E. Mulford.